

# Fourth Court of Appeals
## San Antonio, Texas

March 7, 2019

No. 04-18-00002-CR

Larry Donnell **GIBBS**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2015 CRR 001320 D-1
Honorable Jose A. Lopez, Judge Presiding

# O R D E R

Appellant's brief was originally due to be filed on July 6, 2018. Appellant was granted three thirty-day extensions, making his brief due by October 4, 2018. On September 28, 2018, appellant filed a motion to supplement the reporter's record, which raised concerns regarding the completeness of the record on appeal. By order dated October 5, 2018, we abated this cause to the trial court to address the concerns raised in appellant's motion. A supplemental reporter's record was filed on December 4, 2018, and a supplemental clerk's record containing the trial court's findings of fact was filed on December 10, 2018. On December 18, 2018, the cause was reinstated on this court's docket, and appellant was ordered to file his brief by no later than January 17, 2019. Appellant filed a fifth motion for extension of time to file his brief until February 18, 2019. We granted the fifth motion but advised appellant this was the final extension of time he would be granted and that if the brief was not filed by February 18, 2019, this appeal would be abated to the trial court for an abandonment hearing and to consider whether sanctions are appropriate. On February 19, 2019, appellant filed a sixth motion for extension of time to file his brief. On February 21, 2019, we denied the motion and advised appellant that the brief was due. As of the date of this order, appellant's brief has not been filed.

Pursuant to Rule 38.8(b)(2) of the Texas Rules of Appellate Procedure, we abate this case to the trial court and ORDER the trial court to conduct a hearing to answer the following questions:

(1) Does appellant desire to prosecute his appeal?

(2) Is appellant indigent? If appellant is indigent, the trial court shall take such measures as may be necessary to assure the effective assistance of counsel, which may include the appointment of new counsel.

(3) Has retained counsel abandoned the appeal? Because sanctions may be necessary, the trial court should address this issue even if new counsel is retained or substituted before the date of the hearing.

The trial court may, in its discretion, receive evidence on the first two questions by sworn affidavit from the appellant. The trial court shall, however, order the appellant's counsel to be present at the hearing.

The trial court is further ORDERED to file supplemental clerk's and reporter's records in this court, no later than thirty (30) days from the date of this order, which shall include: (1) a transcription of the hearing and copies of any documentary evidence admitted, (2) written findings of fact and conclusions of law, and (3) recommendations addressing the above enumerated questions. All appellate filing dates are ABATED pending further orders from this court.

_Sandee Bryan Marion_
Sandee Bryan Marion, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 7th day of March, 2019.

_____
KEITH E. HOTTLE,
Clerk of Court